NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAROTEK, INC.,**
*Plaintiff-Appellant,*

AND

**EVENT CAPTURING SYSTEMS, INC.,**
*Plaintiff,*

v.

**KOBAYASHI VENTURES, LLC, EQUAPHOR, INC., JAMES DECHMAN, AND JACKLIN ASSOCIATES, INC.,**
*Defendants-Appellees.*

---

2010-1368

---

Appeal from the United States District Court for the Southern District of New York in consolidated case nos. 07-CV-11163 and 08-CV-5706, Judge Naomi Reice Buchwald.

---

## ON MOTION

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

Carotek, Inc. moves to vacate the United States District Court for the Southern District of New York's entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to Kobayashi Ventures, LLC et al.'s claim for minimal annual fees in the amount of $101,578.11 with interest as being improperly certified. Kobayashi opposes.

### I.

This dispute arises out of a 1998 patent license agreement whereby Carotek as licensee obtained certain rights, including a "most favorite licensee" provision in consideration for the payment of royalties, including a minimum annual royalty payment. Carotek made royalty payments until June of 2005 at which point it stopped payments.

Carotek filed suit in the district court seeking declaration that the agreement had been breached by a failure to fulfill the most favored licensee provision. Carotek alleged that the breach of contract caused it damages of approximately $100,000.00. Carotek also sought other declaratory relief, including that the patents in question were invalid and unenforceable.

Kobayashi counterclaimed that the agreement had never been breached, that the agreement was still in effect, and that Carotek was in breach of the agreement for failure to make royalty payments and minimum guaranteed annual fee payments it estimated at $1,500,000.00. Kobayashi also asserted several other claims, including patent infringement claims to the extent that the contract had been terminated. ·

The district court issued two orders relevant to this motion. On August 31, 2009, the court issued an order, inter alia, denying Carotek's motion for summary judgment with regard to the most favorite licensee provision.

Then, on April 12, 2010, the court issued a second order, inter alia, granted Kobayashi's motion for partial summary judgment and directing Carotek to pay $101,578.21 with interest for missed annual minimal royalty payments owed between 2001 and 2007. The court sua sponte directed entry of final judgment with regard to Kobayashi's claim for minimal annual fees. Carotek filed a timely appeal and now seeks to have the April 31, 2009 order vacated as improperly certified as a judgment pursuant to Fed. R. Civ. P. 54(b).

## II.

Rule 54(b) permits the district court to "direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). As the statute makes clear, our inquiry is two fold: First, was the certified claim final, which we review de novo; and second, was the court's determination that there is "no just reason for delay" correct, which we review more deferentially under an abuse of discretion standard. *W.L. Gore & Assoc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980). It is thus proper for a district court "to consider factors such as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same [underlying facts and] issues [of law] more than once even if there were subsequent appeals." *Id.*

Here, the district court determined that the minimal annual fee claim was separable from other license agreement claims and from other claims asserted by the parties. The court further determined without any explanation that there was no just reason for delay of entry of final judgment with regard to that claim.

Although we do not take issue with the court's finality determination, there are nevertheless concerns regarding judicial efficiency. For example, if this court were to review and affirm the court's judgment regarding the minimum annual royalty claim, it appears that this court could nevertheless later be asked to reach a different conclusion on the underlying issues based on the most favored licensee provision or another related claim. In other words, this court will likely have to decide multiple appeals with the potential of overlapping factual and perhaps legal issues.

While such potential does not necessarily negate proper Rule 54(b) certification when the district court provides a sufficiently important reason for doing so, *Curtiss-Wright Corp.*, 446 U.S. 9, n.2, no such reason was provided by the court in its order. We deem it the proper course to grant this motion and vacate the portion of the court's order granting 54(b) certification and entry of final judgment on the minimum annual royalty claim so that Carotek is not immediately liable for damages.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The portion of the district court's April 12, 2010 order certifying Rule 54(b) final judgment is vacated and this case is remanded.

(2) Each side shall bear its own costs.

FOR THE COURT

**OCT 2 8 2010**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: W. Thad Adams, III, Esq.
     Jeffrey Martin Schwaber, Esq.

s19

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT 2 8 2010

JAN HORBALY
CLERK